UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

AARON CAMPBELL,

       Defendant.
_____/

Case No. 22-20247

Nancy G. Edmunds
United States District Judge

David R. Grand
United States Magistrate Judge

## ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

Defendant Aaron Campbell ("Campbell") is before the Court on the government's motion for his detention pending a hearing on charges that he violated the terms of his supervised release. On December 23, 2022, the Court conducted a detention hearing pursuant to Fed. R. Crim. P. 32.1(a)(6). Due to the Court being closed for the Christmas holiday and dangerous weather conditions, the hearing was held via Zoom with Campbell's permission. For the reasons stated on the record and below, the Court will grant the government's motion.

**Factual Background**

Campbell is on supervised release in this district after having been convicted of narcotics distribution offenses in West Virginia. On April 19, 2022, after serving a 96-month prison term, Campbell began a three-year term of supervised release. Campbell appears to have had some initial difficulty with his supervised release, because on August

31, 2022, those terms were modified to add a requirement that he participate in substance abuse treatment.  Two months later, on October 26, 2022, the conditions were again modified to include a requirement that Campbell reside at a residential re-entry center ("RRC").

However, Campbell never checked into the RRC, and on November 21, 2022, a warrant for Campbell's arrest was issued due that violation and a handful of other ones, including positive drug tests, using alcohol, failing to reside at an approved address (prior to his RRC assignment) leaving the district without permission, and failing to maintain full-time employment.

**Analysis**

Because Campbell is before the Court on a supervised release charge, he bears the burden of "establishing by clear and convincing evidence that [he] will not flee or pose a danger to any other person or to the community…" Fed. R. Crim. P. 32.1(a)(6).  At the detention hearing, Campbell elected (despite the Court's warning and his counsel's advice) to address the Court regarding the violations.  While Campbell offered explanations as to the violations, and demonstrated a strong desire to be a successful member of society, he failed to present sufficient evidence of those matters to meet the heavy burden he faced to secure a bond.

The principal issue that seems to have resulted in the instant Supervised Release Violation Report being issued is Campbell's failure to check into the RRC.  Campbell blamed this on the fact that his cell phone broke, rendering him unable to communicate via text or phone with his probation officer ("PO") and unsure of a reporting date.  He noted

2

that he did have access to his e-mail, but that he never received an e-mail from the PO. While the Court understands technical difficulties – like a broken phone – may arise, Campbell knew the importance of checking into the RRC because it was *added* as a condition after he experienced other housing issues, and there was ample time and opportunity for Campbell to check in with his PO either in person at the courthouse or via e-mail. Campbell's failure to do so meant that his PO was completely unaware of where he was residing.

While Campbell claims he was living with his sister, again, his PO was unaware of this, and it is unclear how long Campbell was living there and how much longer he would be able to do so. Moreover, Campbell was arrested December 23, 2022 (the day of the detention hearing), at his mother's home after she had called the police when he showed up unannounced. These circumstances raise potential questions about Campbell's residence should he be released on a bond.

Coupled with the other supervised release violations to which Campbell has admitted – use of marijuana and alcohol, and travel outside the district without permission – the above issues show that he failed to meet the burden placed on him to secure a bond.

Nevertheless, the Court notes that the alleged supervised release violation regarding Campbell's failure to maintain proper employment is less clear. Campbell insists that he has been working for a trucking company cleaning and performing maintenance on vehicles 40 hours per week. He also represented that he has been cutting hair and helping with driving children that he lives with to school. In addition, Campbell spoke in some detail about a fledgling internet marketing company he has been building – an endeavor he

started while incarcerated. Campbell indicated that he leases an office to operate the business and has "contracts" in place, though essentially no revenue yet. As the Court explained during the hearing, while these matters all reflect Campbell's talent and ambition, he lacked *evidence* regarding them. With Campbell's supervised release hearing scheduled to take place in about a week, his counsel should have ample to time to investigate these matters and gather supporting evidence. If corroborated by evidence, that may suggest Campbell has found a suitable and productive living arrangement.

**For the reasons stated above, detention pending Campbell's supervised release hearing is ordered.**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.


Dated: December 27, 2022             s/David R. Grand
Ann Arbor, Michigan                 DAVID R. GRAND
                                            United States Magistrate Judge